UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL H. O'BERRY | CIVIL ACTION |
| VERSUS | |
| ATLANTIC SPECIALTY INSURANCE COMPANY | NO. 16-744-JWD-RLB |

**ORDER**

Before the Court is Defendant Atlantic Specialty Insurance Company's Motion to Compel Discovery Responses from Plaintiff Paul H. O'Berry (R. Doc. 8) filed on March 20, 2017. Defendant seeks an order compelling Plaintiff to respond to interrogatories and requests for production propounded on November 2, 2016. (R. Doc. 8-1 at 2). Defendant represents that despite assurances from Plaintiff, it has not received any responses to the discovery requests as of the date of the motion. (R. Doc. 8-1 at 2-3).

The Court ordered Plaintiff to file an expedited response on or before March 28, 2017. (R. Doc. 9). Plaintiff has not filed an opposition as of the date of this Order.

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense

counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention).

Upon further review of the instant motion to compel, the Court has determined that it does not contain the required Rule 37(a)(1) certification.  Accordingly, the motion will be denied on that basis.  The Rule 37 conference is an effort to avoid judicial intervention, and the parties must treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes.  At a minimum, counsel should attempt to schedule a conference, by phone, on a specific date and time to attempt to resolve any discovery issue directly.

Counsel is advised that prior to seeking any relief on a discovery issue in this matter, the attorneys are required first to confer in an attempt to resolve such dispute without court intervention.  Should the parties be unable to resolve the dispute, any Rule 37 certificate shall specifically set forth (1) how the conference was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the conference, and (7) whether any issues were resolved by the parties.

The Court notes, however, that Plaintiff's counsel's assurances regarding his overdue discovery responses and apparent failure to comply with those obligations are troubling.  Despite the allegations contained in the motion, Plaintiff's counsel chose to ignore the Court's order and simply filed no response.  Accordingly, the Court will order counsel of record to confer, in person or by phone, to discuss the status of discovery and the anticipated plan to complete discovery within the deadlines set by the Court.

For the foregoing reasons,

**IT IS ORDERED** that Defendant Atlantic Specialty Insurance Company's Motion to Compel Discovery Responses from Plaintiff Paul H. O'Berry (R. Doc. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that, consistent with the terms of this Order, counsel of record are to confer on or before **April 4, 2017**, to discuss the status of discovery and the anticipated plan to complete discovery within the deadlines set by the Court.  Counsel for Plaintiff shall document that conversation, in writing, and file with the Court, on or before **April 7, 2017**, a status report setting forth the following:

(1) who participated in the conference,

(2) when the conference took place,

(3) whether the conference was conducted by phone or in person,

(4) the duration of the conference, and

(5) the specific, itemized topics that were addressed at the conference, including the status of any outstanding discovery as well as the general plan to complete discovery within the deadlines in place.

**IT IS FURTHER ORDERED** that a telephone conference is scheduled for **April 11, 2017 at 2:30pm**.  The Court will determine whether this conference is necessary following receipt of the aforementioned status report.  The Court will initiate the call to the parties.

Any unexcused failure to comply with this Order will result in sanctions.

Signed in Baton Rouge, Louisiana, on March 29, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**